IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRELL DOUGHERTY; JERICAH DAWSON; SHARON DOUGHERTY; and COREY LITTLE, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. CIV-24-1007-D<br>) |
| CITY OF STILLWATER, | ) Remanded to Payne County<br>) District Court, Case No. |
| Defendant. | ) CJ-2024-472 |

## **ORDER**

Before the Court is Defendant's Motion to Dismiss and Brief in Support [Doc. No. 3]. Plaintiff Darrell Dougherty filed a response [Doc. No. 4], purportedly on behalf of all Plaintiffs. However, because Mr. Dougherty is *pro se*, he cannot represent anyone other than himself. *See* 28 U.S.C. § 1654. Defendant filed a reply [Doc. No. 5], and the matter is fully briefed and at issue.

On September 6, 2024, Plaintiffs filed this action in the District Court of Payne County, State of Oklahoma, Case No. CJ-2024-472 [Doc. No. 1-2]. Plaintiffs allege that they own the property located at 1215 Sangre Road in Stillwater, Oklahoma, which property was damaged when a U-Haul driver struck the building and fled the scene. Plaintiffs further allege that, after repeated attempts to have the matter investigated by the Stillwater Police Department, the hit-and-run was not investigated, and Plaintiffs suffered damages as a result. Specifically, Plaintiffs allege that officers were negligent in failing to appropriately investigate the hit-and-run, and that Plaintiffs have suffered damages of

1

"expenses, loss of business, loss of income, loss of sleep, loss of time with family, loss of safety, loss of civil rights, loss of equal protection under the law, and extreme distress and anxiety." [Doc. No. 1-2, at 5]. Plaintiffs allege that the officers' failures to write a citation for the hit-and-run and to include the perpetrator's information in the police report left Plaintiffs financially responsible for the damages to the building.

Due to Plaintiffs' references to their "loss of civil rights" and "loss of equal protection under the law," Defendant removed the action to this Court on September 30, 2024 [Doc. No. 1]. Defendant then filed the present motion to dismiss, arguing that Plaintiffs' federal constitutional claims should be dismissed for failure to state a claim under FED. R. CIV. P. 12(b)(6). Defendant also argued that Plaintiffs' state-law negligence claim should be dismissed on the grounds that Plaintiffs lack standing and Defendant is immune from liability under the Oklahoma Governmental Tort Claims Act (OGTCA).

In Mr. Dougherty's response, he states that Plaintiffs have filed an amended petition in state court that does not include causes of action for loss of civil rights or loss of equal protection under the law. The Court construes Mr. Dougherty's response as conceding that Plaintiffs have failed to state claims under federal law. As stated above, the three remaining Plaintiffs did not respond to Defendant's motion to dismiss. Accordingly, the Court **DISMISSES** Plaintiffs' civil rights and equal protection claims, without prejudice.

With respect to Plaintiffs' state-law tort claim, Defendant argues that Plaintiffs lack standing because, contrary to Plaintiffs' allegations, the property at issue is owned not by Plaintiffs, but by Plaintiffs' entity, J&J Superwash, LLC. Defendant also argues that Defendant is immune from liability under the OGTCA.

This case was removed to federal court based on Plaintiffs' allegations that their civil rights were violated and that they were denied equal protection under the law. Because Plaintiffs' federal claims are hereby dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claim against Defendant. *See* 28 U.S.C. § 1367(c)(3). The Tenth Circuit has repeatedly advised that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998). Where, like here, "all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). For these reasons, the Court **DECLINES** to exercise supplemental jurisdiction and **REMANDS** Plaintiffs' negligence claim to the District Court of Payne County, State of Oklahoma. Defendant's Motion to Dismiss [Doc. No. 3], to the extent it argues the merits of Plaintiffs' state-law claim against Defendant, is **DENIED** as **MOOT**.

**IT IS SO ORDERED** this 12th day of November, 2024.

*[signature]*

TIMOTHY D. DeGIUSTI
Chief United States District Judge